IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL E. WILSON, | : | CIVIL ACTION NO. **3:CV-10-0713** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ALTOONA HOSPITAL, et al., | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

**I. Background.**

On March 24, 2010, Plaintiff, Michael E. Wilson, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"), originally filed the instant civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. The United States District Court for the Eastern District of Pennsylvania transferred Plaintiff's case to the Middle District of Pennsylvania by Order of March 31, 2010. The matter was filed in this Court on April 2, 2010, and docketed to the above-captioned case number. Plaintiff's original Complaint was not forwarded to this Court at the time his case was transferred to this District. Rather, the Court obtained a copy of Plaintiff's original Complaint from the Warden of SCI-Huntingdon, and it was docketed to the above-captioned action on April 22, 2010. (Doc. 10). Additionally, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 5). Plaintiff also filed a Supplement to his Complaint on April 12, 2010 (Doc. 7), namely, a copy of Plaintiff's March 23, 2008 grievance in which he complained about his March 12,

2008 tonsil surgery in an Altoona, Pennsylvania, hospital, as well as a copy of his docket sheet from the Eastern District of Pennsylvania.

Plaintiff's original claim was set forth on a form § 1983 complaint which is routinely provided to *pro se* litigants. *See* Doc. 10.[1] Plaintiff's original Complaint did not specify any conduct, wrongful or otherwise, of a properly named defendant. The Defendants named in the original Complaint were: Altoona Hospital; SCI-Huntingdon Prison; and the Department of Corrections ("DOC"). (Doc. 10, p. 1).

Plaintiff simply alleged in his original Statement of Claim as follows:

(MALPRACTICE)

I had the surgery to get my tonsils removed on March 12, 2008 and stayed in the Altoona Hospital until March 13, 2008[.] Then I went to the (Infermery) (sic) at (Smithfield State Prison) and while the nurse was at the door talking to me at breakfast time I was listening while drinking my milk and the milk started just running out of my nose and she said that is not supposed to happen. The date was March 17, 2008. My nose still drips when I drink liquids.

(Doc. 10, p. 4, Section V, Statement of Claim).[2]

---

[1] In his original Complaint, the Plaintiff indicated that he had not fully exhausted the grievance procedure available at SCI-Huntingdon. (Doc. 1, p. 10, p. 3). Plaintiff stated he never got a response to his March 23, 2008 grievance #223373. (*See* Doc. 7). The Plaintiff must exhaust his DOC administrative remedies prior to filing a civil rights suit, however the Defendant has the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *McKinney v. Zihmer*, 2010 WL 1135722, *5 (M.D. Pa.).

[2] As we previously noted, Plaintiff's complaint about his March 12, 2008 surgery would be governed by a two-year statue of limitations, and he did not file this action until March 24, 2010. However, since Plaintiff dated his Complaint on March 1, 2010, under the Prison Mailbox Rule, his Complaint may be timely. *See Chester v. Beard*, 657 F. Supp. 2d 534 (M.D. Pa. 2009).

In his Exhibit filed with his original Complaint, *i.e.* his March 23, 2008 grievance # 223373, Plaintiff stated that his March 12, 2008 operation at an Altoona, Pennsylvania, hospital was "botched and as a result I have food and drink coming out of my nose when I eat or drink [and] no one seems to care." (Doc. 7).

After conducting the required screening pursuant to the Prison Litigation Reform Act ("PLRA"), we issued an Order on April 27, 2010, which directed Plaintiff to file an amended complaint within fifteen (15) days of the date of said Order. The 7-page Order specified in detail the deficiencies of Plaintiff's original Complaint. Said Order further stated that Plaintiff's failure to timely file his amended complaint would result in the issuance of a report and recommendation that his action be dismissed for failure to prosecute. (Doc. 11).

Plaintiff filed a Motion for Extension of Time to Amend his Complaint (Doc. 12), which was granted by Order of May 13, 2010, and which afforded Plaintiff until June 1, 2010 to file his amended complaint. (Doc. 13).

The time in which Plaintiff was to have filed his amended complaint has expired. The Court, *sua sponte*, gave the *pro se* Plaintiff an additional seventeen (17) days to file his amended complaint. The Plaintiff has neither filed his amended complaint nor requested an additional extension of time in which to do so. In fact, the Court has received no filings from the Plaintiff since he filed his Motion for Extension of Time on May 12, 2010. (Doc. 12).

**II. Discussion.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a

3

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Nelson v. Dauphin County* Prison, 2009 WL 4269087 (M.D. Pa.). *Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims ... in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Plaintiff's original Complaint clearly did not meet the requirements of the Federal Rules of Civil Procedure as detailed in our April 27, 2010 Order. (Doc. 11).

As stated, Plaintiff was afforded fifteen (15) days from the date of the April 27, 2010, Order to file his Amended Complaint. (Doc. 11). He was then afforded an extension of time until June 1, 2010, to file his Amended Complaint. (Doc. 13). Plaintiff was directed to file a comprehensive Amended Complaint setting forth his claims in short, concise, plain statements in sequentially numbered paragraphs. The Court stated that Plaintiff's Amended Complaint was to be a new pleading which stood by itself without reference to the documents already filed,

and that his Amended Complaint was to be complete in all respects. *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff was also advised that his Amended Complaint should identify the claims asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated his rights. *See Biers v. Nicola* 860 F.Supp. 226, 236 (E.D. Pa. 1994) (affording *pro se* plaintiffs leave to amend an amended complaint, directing them to "file a comprehensive amended complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights."); *Meekins v. Colleran*, No. 3:CV 05 1394, 2005 WL 2133677, at * 1 (M.D. Pa. Sept. 1, 2005).

Additionally, as stated, we warned Plaintiff that his failure to comply with the April 27, 2010 Order, as specified above, will result in a recommendation of dismissal of his case. (Doc. 11). Also, as stated, we gave Plaintiff *sua sponte* additional time of over two weeks to file his Amended Complaint.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute his action and to comply with the Order of this Court by his failure to timely file his Amended Complaint. We shall recommend that this case be dismissed due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's Order. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Our Plaintiff has taken no action with respect to his case since he filed his Motion for Extension of Time to Amend his Complaint (Doc. 12), over one month ago. The behavior of Plaintiff constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case but made efforts to comply with this Court's April 27, 2010 Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). The consequences if Plaintiff failed to prosecute his case were clearly stated in our April 27, 2010 Order, namely, we would recommend that his case be dismissed. (Doc. 11). *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the

6

> action is appropriate in this case. The *Poulis* factors the Court should
> consider are: (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in
> bad faith; (5) the effectiveness of sanctions other than dismissal, which
> entails an analysis of alternative sanctions; and (6) the meritoriousness of
> the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's
> dilatoriness outweighs any of the other considerations set forth in *Poulis,*
> and that Plaintiff's failure to comply with the Order of May 30, 2006
> indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to
> no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find

that Plaintiff Wilson's stated conduct in delaying his case to be attributable to him personally.

Plaintiff was required to have filed his Amended Complaint by June 1, 2010. As mentioned, we

*sua sponte* afforded Plaintiff additional time of over two weeks within which to comply with the

April 27, 2010 and May 13, 2010 Orders. Plaintiff has filed nothing in response to the May 12,

2010 Order, and he has not notified the Court that he intends to pursue his action.[3]

We find that Plaintiff has caused prejudice to Defendants since they have been

named in a federal lawsuit and no action, including service of a proper pleading, has been

made on them to date. While Plaintiff does not yet have a significant history of dilatoriness in

this case, his present conduct in failing to prosecute his March 2010 case is nonetheless

---

[3]Our April 27, 2010 and May 13, 2010 Orders were apparently received by Plaintiff
at SCI-Huntingdon since they were not returned to this Court as undelivered.

evidence of dilatoriness, especially since this case cannot proceed without his compliance with the April 27, 2010 Order.

Based on our discussion above, we find that the conduct of Plaintiff is wilful, especially since he has filed nothing with the Court in more than a month, since he has failed to respond to the April 27, 2010 Order, and since he has not contacted the Court to explain why he has failed to comply with the Order.

Plaintiff has been forewarned that his failure to comply with the April 27, 2010 Order will result in a recommendation that his case be dismissed. As stated, this case cannot proceed without Plaintiff's compliance with the April 27, 2010 Order. Since we will recommend that Plaintiff's case be dismissed without prejudice, and since Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's April 27, 2010 Order demonstrates he has abandoned his case.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's April 27, 2010 Order. It is also recommended that Plaintiff's case be dismissed without prejudice on the basis

of his failure to prosecute his action.  Further, it is recommended that Plaintiff's Motion to

proceed *in forma pauperis* (Doc. 2) be granted solely for the purpose of filing this action.


                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: June 18, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL E. WILSON,                      :        CIVIL ACTION NO. **3:CV-10-0713**
                                        :
                    Plaintiff           :        (Judge Nealon)
                                        :
          v.                            :        (Magistrate Judge Blewitt)
                                        :
ALTOONA HOSPITAL, et al.,               :
                                        :
                    Defendants          :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 18, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                        s/ Thomas M. Blewitt
     _____     THOMAS M. BLEWITT
                                        United States Magistrate Judge


**Dated: June 18, 2010**