# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. WILSON,<br>     Plaintiff | :<br>: |
| v. | : CIVIL NO. 3:10-CV-713<br>:<br>: (JUDGE NEALON) |
| ALTOONA HOSPITAL, et al.,<br>     Defendants | : (MAGISTRATE JUDGE BLEWITT)<br>: |

## MEMORANDUM and ORDER

On March 24, 2010, Plaintiff, Michael Wilson, an inmate currently confined at the State Correctional Institution ("SCI") in Huntingdon, Pennsylvania filed the instant civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. On March 31, 2010, the case was transferred to the United States District Court for the Middle District of Pennsylvania. (Doc. 2). However, the Complaint was not received by this Court until April 22, 2010. (Doc. 10). Plaintiff, asserting a malpractice claim, alleged that on March 12, 2008, he had his tonsils removed at Altoona Hospital. Id. He alleged that on March 17, 2008, while in the infirmary at SCI-Smithfield, he was drinking milk and the milk started running out of his nose. Id. Plaintiff claimed that his nose still drips when he drinks liquids. Id.

On April 27, 2010, Magistrate Judge Blewitt issued an Order identifying the deficiencies in the Complaint and directing Plaintiff to file an amended complaint within fifteen (15) days. (Doc. 11). The Order warned: "Failure of Plaintiff to timely file his

1

FILED
SCRANTON
JUL 2 3 2010
MARY E. D'ANDREA, CLERK
Per_____
     DEPUTY CLERK

Amended Complaint will result in a recommendation that this action be dismissed." Id. at 7. On May 12, 2010, Plaintiff filed a motion for extension of time to file an amended complaint, which was granted until June 1, 2010. (Docs. 12, 13).

On June 18, 2010, after time had expired for Plaintiff to file an amended complaint, Magistrate Judge Blewitt issued a Report recommending that the action be dismissed for Plaintiff's failure to comply with the Court's Order. (Doc. 14). No objections have been filed and, for the reasons set forth below, the Report and Recommendation will be adopted.

## **Discussion**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998)

(Vanaskie, J.).

Having reviewed the instant record, no error is discerned from the Report and Recommendation. In the Report, Magistrate Judge Blewitt explained that 28 U.S.C. § 1915 allows a court to dismiss an action for failure to state a claim and referenced the Order dated April 27, 2010, wherein he detailed the reasons why the Complaint was insufficient and an amended complaint was required. (Docs. 11, 14). Specifically, the Magistrate Judge stated that the new pleading needed to "identify the claims asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated his rights." Id. Further, the Report recognized that a pro se litigant is accorded substantial deference and discussed the pleading standard in Federal Rule of Civil Procedure 8(a)(2). (Doc. 14).

The Report and Recommendation then cited to Rule 41(b) of the Federal Rules of Civil Procedure, which allows for dismissal of an action for a plaintiff's failure to prosecute or comply with orders of the court. (Doc. 14); see also Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982). Magistrate Judge Blewitt then conducted an examination of the factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The six factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions

3

other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.[1] The Magistrate Judge concluded that the Poulis factors weigh in favor of dismissal without prejudice and that Plaintiff's failure to comply with the April Order demonstrates his intent to abandon the case.

Finding no error in the Report and Recommendation, it will be adopted. The Complaint will be dismissed without prejudice and Plaintiff's motion to proceed in forma pauperis will be granted for the sole purpose of filing this action.

United States District Judge

---

[1] Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL E. WILSON,
    Plaintiff

v.

ALTOONA HOSPITAL, et al.,
    Defendants

: CIVIL NO. 3:10-CV-713
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)

## ORDER

NOW, THIS 23rd DAY OF JULY, 2010, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 14) is **ADOPTED**;

2. Plaintiff's Complaint (Doc. 10) is **DISMISSED**;

3. The application to proceed in forma pauperis (Doc. 5) will be **GRANTED** for the sole purpose of filing this action;

4. The Clerk of Courts is directed to **CLOSE** this case; and

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

*[signature]*
**United States District Judge**